UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN D. LEVITAN, SR.,

Plaintiff,

v. Case No. 3:26cv1457-TKW-HTC

GILEAD SCIENCES, INC., et al.,

Defendants.
______________________________/

ORDER

Defendants removed this case from state to federal court and have moved to transfer it to the Eastern District of New York ("EDNY"). Doc. 3. Plaintiff John Levitan responded in opposition (Doc. 8) and filed a slew of motions, including a motion to remand (Docs. 9 – 14). After reviewing the parties' submissions and the relevant law, the Court concludes Levitan's motions should be DENIED, and Defendants' motion to transfer should be GRANTED to the extent this case should be transferred to the EDNY pursuant to 28 U.S.C. § 1404(a).

**I. Background**

In 2021, the pharmaceutical company Gilead Sciences sued various defendants in the EDNY for conspiring to distribute counterfeit versions of its HIV medications. *See Gilead Scis., Inc. v. Safe Chain Sols., LLC*, EDNY Case No. 1:21cv4106-AMD-JAM. Levitan became a defendant in the EDNY action in 2022.

Levitan filed this action in state court in Florida in September 2024. *See Levitan v. Gilead Scis., Inc.*, Escambia County Case No. 2024 CA 1164. He sued Gilead Sciences and the attorneys who represent it in the EDNY action, alleging they defamed him and violated his rights under the Florida and U.S. Constitutions.[1] The Defendants originally removed the action to this Court in October 2024, and it was assigned Case No. 3:24cv475-MCR-ZCB ("*Levitan I*").

On November 15, 2024, Levitan filed an amended complaint which omitted his federal constitutional claims. *Levitan I*, Doc. 26. On January 6, 2025, Judge Bolitho issued an order granting Defendants' motion to transfer the case to the EDNY under 28 U.S.C. § 1404(a). *Id.*, Doc. 30. Judge Bolitho concluded the EDNY was the more appropriate forum for Levitan's claims because those claims stemmed from the anti-counterfeiting action pending there. In addition, relying on then-binding precedent, Judge Bolitho found the withdrawal of the federal claims from Levitan's amended complaint did not deprive the Court of subject matter jurisdiction because jurisdiction existed at the time of removal.

In September 2025, the EDNY remanded the case back to state court in Florida, concluding it lacked subject matter jurisdiction over Levitan's claims because: (1) his amended complaint removed his federal law claims; and (2) the

[1] There are eight Defendants: (1) Gilead Sciences, Inc.; (2) Gilead Sciences Ireland UC; (3) Patterson Belknap Webb & Tyler LLP ("PBWT"); (4) Geoffrey Potter; (5) Timothy Alan Waters; (6) Aron Fischer; (7) Joshua Stein; and (8) Thomas P. Kurland.

Defendants failed to show his original complaint satisfied the amount-in-controversy requirement for diversity jurisdiction. *See* Doc. 1-1 at 256-86; EDNY Case No. 1:25cv393-AMD-JAM. The EDNY's order was based in part on the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), which was issued after Judge Bolitho's transfer order and held a district court cannot exercise supplemental jurisdiction over state law claims if a plaintiff amends their complaint post-removal to remove any federal law claims.

Accordingly, the case returned to state court in Florida. There, the Defendants moved to dismiss Levitan's amended complaint.[2] Doc. 1-1 at 125-144. While that motion to dismiss was pending, Levitan filed a motion to amend and a proposed second amended complaint on February 13, 2026; the proposed second amended complaint added the same federal claims he had withdrawn from the original complaint, as well as additional claims based on federal law. Doc. 1-1 at 676-95. On February 18, 2026, the state court granted the Defendants' motion and dismissed the amended complaint without prejudice. Doc. 1-1 at 868-69. The state court also deemed the second amended complaint filed as of February 18 and gave Defendants ten days to file a responsive pleading. On February 27, the Defendants removed the case to this Court a second time, asserting the second amended complaint establishes

---

[2] The Defendants also filed a motion to dismiss the amended complaint in EDNY Case No. 1:25cv393-AMD-JAM, but it was not ruled on because the court concluded it lacked jurisdiction.

both federal question and diversity jurisdiction. Doc. 1. Defendants also moved, for a second time, to transfer the case to the EDNY under 28 U.S.C. § 1404(a), claiming it is the more appropriate forum for Levitan's claims. Levitan responded in opposition and filed a bevy of motions.

For the reasons discussed below, this Court finds, once again, that this case should be transferred to the EDNY. In addition, Levitan's motions, including his motion to remand, should be denied because they are either without merit or moot.

## II. Levitan's Motion to Remand[3]

Levitan has moved to remand this case to state court (Doc. 9) and Defendants responded in opposition (Doc. 15). Levitan argues remand is required because the second amended complaint does not present the federal question needed for the Court to exercise subject matter jurisdiction. *See* Doc. 9 at 2, 9-10 (asserting this action does not fall within the category of cases described in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) that have state law claims that raise a substantial and disputed federal issue). However, this argument is frivolous, as it ignores that the second amended complaint raises claims and seeks relief directly under federal law. *See* Doc. 1-1 at 679-95 (alleging Defendants

[3] A magistrate judge may decide a motion to remand by order. *See Stewart v. Underwriters at Lloyd's, London*, 2025 WL 615181, at *2 n.5 (M.D. Fla. Feb. 26, 2025); *Gonzalez v. Fed. Nat'l Mortg. Ass'n.*, 2017 WL 11687200 (N.D. Fla. Nov. 28, 2017); *Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254 (E.D.N.Y. June 27, 2007).

violated, among other things, the First and Fourth Amendments, and 42 U.S.C. § 1985). Thus, the Court has federal question jurisdiction over the second amended complaint.[4] *See Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution").

Levitan also raises several procedural arguments for remand, none of which are persuasive. First, he claims Defendants could not remove the case because the prior remand order from the EDNY is "final" under 28 U.S.C. § 1447(d), which states an order remanding a case to state court "is not reviewable on appeal or otherwise." However, this Court is not reviewing the EDNY's remand order, as that order addressed whether the court had subject matter jurisdiction over Levitan's amended complaint, which was based solely on state law. The amended complaint is no longer operative and has been replaced by the second amended complaint, which added claims under federal law. Thus, whether the Court has jurisdiction over the second amended complaint was not addressed by the EDNY's remand order.[5] *See Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1065 (C.D. Cal. Dec. 31,

---

[4] Defendants also argue the Court has diversity jurisdiction but that argument need not be addressed.

[5] Levitan also asserts § 1446(c)(1) prohibits removal because this case has been pending longer than one year. *See* 28 U.S.C. § 14461(c)(1) (stating a case cannot be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action"). However, § 1446(c)(1) does not apply to removal based on federal question jurisdiction, and Defendants' removal on that basis is proper.

2014) ("[T]o avoid the prohibition on successive removals set forth in § 1447(d), the grounds for removal in a successive notice of removal must be 'new and different' from those addressed in the court's prior remand order").

Second, Levitan suggests Defendants "accepted the state court forum" and waived their right to removal by actively litigating in state court after remand. However, Defendants moved to dismiss only the first amended complaint in state court. When Levitan's second amended complaint—which raised federal claims absent from the first amended complaint—became the operative pleading, Defendants promptly exercised their right to remove the case to federal court. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (noting that the 30-day time limit for removal begins running when amended complaint raising federal claim becomes operative).

Based on the foregoing, the Court has subject matter jurisdiction over the second amended complaint and removal was procedurally proper. Levitan's motion to remand is denied.

## III. Levitan's Motion to Disqualify Counsel

Levitan has also filed a motion to disqualify Defendants' counsel, the firm Clark Partington ("CP"), asserting its representation of multiple defendants in this case presents a potential conflict of interest.[6] The motion will be denied because Levitan has not shown a conflict exists and, even if he did, he has not shown he has standing to seek disqualification.

Motions to disqualify are governed by two sources of authority—federal common law and a court's local rules. *See Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). This Court's Local Rules incorporate the Florida Rules of Professional Conduct. *See* N.D. Fla. Loc. R. 11.1(G). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Id.*

Here, Levitan has not demonstrated that a conflict of interest exists. As an initial matter, he has not identified what Florida Rule of Professional Conduct he believes CP's representation violates. Based on his complaints, he appears to rely on Rule 4-1.7, which states a lawyer must not represent a client if there is a

[6] As an alternative to disqualification, Levitan claims each Defendant must submit a written waiver of the conflict to him and the Court.

substantial risk that the representation of one client will be materially limited by the lawyer's responsibilities to another client.

However, Levitan's allegations are too conclusory and speculative to show CP's representation of the Defendants violates Rule 4-1.7. Levitan: (1) alleges PBWT engaged in misconduct during its representation of the Gilead Sciences entities in the EDNY anti-counterfeiting action; and (2) suggests the Defendants' defenses to his claims may not align and they could engage in finger-pointing. But Levitan has failed to identify any specific facts or evidence which show there is a substantial risk CP's representation of one Defendant in this case will be materially limited by their representation of another Defendant. *See Hill Nissan, Inc. v. Jenkins Nissan, Inc.*, 2012 WL 13106336, at *1 (M.D. Fla. Feb. 9, 2012) ("Disqualification is appropriate where there is an imminent threat of a serious conflict.").

Indeed, Defendants indicate they all maintain the same position: "Levitan's claims are all baseless collateral attacks on the outcome of prior litigation that should be summarily thrown out of court." Doc. 17 at 3. Accordingly, Levitan's motion falls well short of establishing any conflict of interest. *See Alomran v. Marriott Vacations Worldwide Corp.*, 2025 WL 2337082, at *1 (S.D. Fla. Aug. 13, 2025) ("Plaintiffs rely solely on speculation and conjecture to argue that a conflict exists, and have therefore not carried their burden of proving that a conflict has arisen."); *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. May 24,

1996) ("Disqualification is a serious matter which cannot be based on imagined scenarios of conflict[.]").

In addition, even if a conflict existed, Levitan's motion would still be denied because he has not shown he has standing to seek disqualification. *See Kleiman v. Wright*, 662 F. Supp. 3d 1247, 1254 (S.D. Fla. Mar. 21, 2023) (explaining that the party moving to disqualify bears the burden of proving standing). "'As a general proposition, a party does not have standing to seek disqualification where' there 'is no privity of contract between the attorney and the party claiming a conflict of interest.'" *Freites C. v. Medina*, 2025 WL 1378899, at *2 (S.D. Fla. May 13, 2025) (quoting *THI Holdings, LLC v. Shattuck*, 93 So. 3d 419, 424 (Fla. 2d DCA 2012)). Instead, "[a] party who is not a former client of opposing counsel … has standing to raise the issue of opposing counsel's conflict of interest if there is 'a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice.'" *McGriff v. Christie*, 477 F. App'x 673, 676-77 (11th Cir. 2012) (citation omitted).

Levitan asserts CP's representation of the Defendants "risks prejudice" to him and "undermines the integrity of the proceedings" but he never explains how. Unadorned allegations of prejudice or unfairness are not enough to demonstrate standing. *See Doe v. Lee*, 178 F. Supp. 2d 1239, 1243 (M.D. Ala. Dec. 6, 2001) ("Doe has raised the speculative possibility that Roland Nachman's loyalties will be

split, but at this point there is no evidence to suggest that Martha Nachman and Valerie Lee's positions are in conflict at all. Doe must make a more concrete showing that she is actually or will be imminently injured by the conflict she alleges, and she has not done so."); *Colyer v. Smith*, 50 F. Supp. 2d 966, 973 (C.D. Cal. May 25, 1999) ("The standing requirement protects against the strategic exploitation of the rules of ethics long disfavored by the Courts.").

Based on the foregoing, Levitan's motion to disqualify is denied. *See Kleiman*, 662 F. Supp. 3d at 1253 ("Disqualification of one's chosen counsel is a drastic remedy that should be resorted to sparingly."); *id.* ("An opposing party's motion to disqualify counsel 'should be viewed with caution, however, for it can be misused as a technique of harassment.'") (quoting Fla. R. Prof. Cond. 4-1.7 cmt.).[7]

## IV. Defendants' Motion to Transfer[8]

A district court may transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses"

[7] The Court notes this is Levitan's second attempt to challenge CP's representation of the Defendants. In state court, Levitan objected to CP's motion to substitute itself as counsel for Defendants, claiming CP had his personal information because CP previously represented a company he was involved with. Doc. 1-1 at 70-71. CP, through an affidavit, stated its representation of the company ended in 2014 and denied having any information from or about Levitan. Doc. 1-1 at 234-38. The state court held a hearing, which Levitan failed to attend, then overruled his objections. Doc. 1-1 at 123-24, 345-46. Levitan's filing of multiple challenges to CP's representation, and his failure to raise the issue raised here in the first challenge, suggest his motive is delay or harassment.

[8] A magistrate judge may decide a motion to transfer by order. *See Jones v. Carrington Mortg. Servs., LLC*, 2025 WL 2429077, at *1 n.1 (M.D. Ala. July 29, 2025); *Bans Pasta, LLC v. Mirko Franchising, LLC*, 2015 WL 13861047, at *1 n.1 (N.D. Ga. Jan. 12, 2015).

and "in the interest of justice." 28 U.SC. § 1404(a). A party requesting a transfer under § 1404(a) has the burden of showing: (1) that the plaintiff could have brought the action in the proposed transferee district (i.e., that subject matter and personal jurisdiction exist and venue is proper); and (2) that the convenience of the parties and witnesses and the interest of justice would be served by the transfer. *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1260 (N.D. Fla. Oct. 11, 2019).

Here, the Court concludes, that Defendants have met their burden of showing a transfer to the EDNY is appropriate under § 1404(a).

**A. The second amended complaint could have been filed in the EDNY.**

The second amended complaint could have been filed in the EDNY. First, as explained above, both this Court and the EDNY have subject matter jurisdiction over the second amended complaint because it alleges violations of federal law, including the First, Fourth, and Fourteenth Amendments. *See e.g.*, Doc. 1-1 at 687-94. Second, the EDNY has personal jurisdiction over: (1) Levitan, because of his alleged participation in the conspiracy to traffic counterfeit HIV medications into New York; and (2) the Defendants, because the Gilead Sciences entities initiated the EDNY action and all other Defendants are New York residents or business entities.[9] *See Levitan I*, Doc. 30 at 7-8.

[9] Courts have also held that defendants do not have to show that a plaintiff is subject to personal jurisdiction in the transferee court to prevail on a motion to transfer. *See Jongerius Panoramic Techs., LLC v. Google Inc.*, 2012 WL 13036199, at *2 (M.D. Fla. July 13, 2012).

Third, venue is proper in the EDNY because it is a judicial district in which a substantial part of the events or omissions giving rise to Levitan's claims occurred. Levitan's defamation claims are based on statements the Defendants made in publicly filed pleadings in the EDNY anti-counterfeiting action. *See Stern v. O'Quinn*, 2008 WL 11401793, at *7 (S.D. Fla. July 14, 2008) ("[V]enue is proper under 28 U.S.C. § 1391(a)(2) in the jurisdiction where the defamatory statements were uttered and published"). Also, the search of Levitan's home and the freezing of Levitan's assets were authorized by orders issued by the EDNY.[10] Defendants, therefore, have demonstrated the second amended complaint could have been brought in the EDNY.

**B. The convenience of the parties and witnesses and the interests of justice weigh in favor of a transfer to the EDNY.**

Defendants have also demonstrated the convenience of the parties and witnesses and the interests of justice weigh in favor of a transfer to the EDNY. Courts consider the following factors when deciding whether to transfer an action under § 1404(a): "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties;

[10] The Lanham Act allows courts to issue orders that freeze a defendant's assets and authorize the seizure of counterfeit goods and related business records.

(7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). All these factors are either neutral or weigh in favor of a transfer to the EDNY.

First, the EDNY is the locus of operative facts. As mentioned above, all of Levitan's claims derive from the anti-counterfeiting action in the EDNY. *See Harvard*, 408 F. Supp. 3d at 1262 ("In determining the locus of operative facts, the court must look at the site of the events from which the claim arises.") (citation omitted). The allegedly defamatory statements were made in pleadings filed in the EDNY action. *Cf. Riley v. Donatelli*, 2017 WL 3316479, at *9 (M.D. Fla. Aug. 3, 2017) ("The mere fact that Riley was residing in Florida when she felt the effects of the allegedly wrongful conduct occurring in New York is insufficient to establish Florida as a proper venue."). Although Levitan emphasizes the search of his residence occurred in this District, the constitutionality of the search will turn in large part on the seizure order issued in the EDNY action. *See Gucci Am., Inc. v. Accents*, 955 F. Supp. 279, 282 (S.D.N.Y. Feb. 28, 1997) ("[A]ll the careful requirements for issuance of the seizure orders were met, and thus the seizure orders did not violate the defendants' Fourth Amendment rights"). And Levitan's

allegations about interference with his financial institutions are based on the asset freeze order issued in the EDNY action.

Second, this district would be an inconvenient forum for key witnesses. The individual Defendants and the non-party legal staff who authored the allegedly false statements and sought the seizure and asset freeze orders in the EDNY action are in New York. And the factual record underpinning the allegedly false statements was developed by a New York-based investigative firm. While some witnesses to the Pensacola search may be in this district, Levitan has not identified them and, as indicated above, the legality of the search will be based on the seizure order issued in the EDNY action and the representations made to that court.

Third, the EDNY is a more convenient forum for the parties. Levitan is the only party in this district. Six of the eight Defendants are in New York. The two corporate Gilead Sciences Defendants are not located in New York but they elected to litigate the anti-counterfeiting action in the EDNY. Thus, the EDNY would be more convenient for most of the parties.

Fourth, most of documents relevant to Levitan's claims were filed in the EDNY. Although this factor is no longer as important to the transfer analysis in the digital age, it weighs in favor of a transfer to the EDNY.

Fifth, Defendants note there is no indication any witness is unwilling to testify, so the factor relating to the availability of process to compel testimony is neutral. Doc. 3 at 20.

Sixth, the relative means of the parties factor favors a transfer to the EDNY. While the Defendants have financial means, Defendants represent that discovery from the EDNY action shows Levitan received millions of dollars from the counterfeiting conspiracy, and Levitan's complaint admits he is able to travel to Dubai for business. And Levitan's response (Doc. 8) does not dispute he has the means to litigate his claims in the EDNY. Because both parties have the means to litigate in the EDNY, this factor supports a transfer.

Seventh, the forum's familiarity with the governing law factor is neutral. Levitan brings claims under Florida law, but as Defendants note, there are multiple issues in this case that may involve the application of New York law, such as whether the defamatory statements are subject to a judicial privilege and whether certain discovery would be prohibited by New York's attorney-client privilege. Furthermore, this "is one of the least important factors in determining a motion to transfer" and "district courts often have little trouble applying the law of other states." *Trans Am Worldwide, LLC v. JP Superior Sols., LLC*, 2018 WL 3090394, at *10 (N.D. Fla. Apr. 30, 2018) (citations omitted).

Eighth, although a "plaintiff's choice of forum is usually given great weight," *Trump v. Simon & Schuster, Inc.*, 2023 WL 5000572, at *7 (N.D. Fla. Aug. 4, 2023), that choice may be given lesser weight where, as here, "the forum lacks a significant connection with the underlying claim or operative facts." *See Baker v. Major League Baseball Props., Inc.*, 2009 WL 1098482, at *3 (N.D. Fla. Apr. 22, 2009). As previously indicated, the actions taken in the EDNY supply the basis for Levitan's claims.

Lastly, the interests of justice weigh in favor of a transfer to the EDNY. The anti-counterfeiting action has been pending in the EDNY for almost five years. That court is already familiar with the allegations Levitan claims are defamatory and the seizure and asset freeze orders he claims are unlawful. *See Sorensen v. Am. Airlines, Inc.*, 2022 WL 2065063, at *3 (S.D. Fla. June 8, 2022) ("The parties litigated the claims in the Texas state and federal actions for nearly two years and that is the most persuasive ground supporting transfer. Adjudication of the present dispute by the court having an extensive familiarity with the parties, facts, and the claims will certainly enable an expeditious and efficient resolution to the litigation."). Thus, it would be more economical for that court to hear Levitan's claims. *See Trump*, 2023 WL 5000572, at *8 (noting the court considers the relative interests of the two forum states in the litigation and questions of judicial economy under this factor).

Page 17 of 19

The Court also notes this case is an attempt by Levitan to litigate issues that should have been litigated in the EDNY action. For example, Levitan could have challenged the veracity of Defendants' allegations and the validity of the seizure and asset freeze orders within the EDNY action. But he has failed to do so.[11] He should not be permitted to use this Court to circumvent the EDNY. *See id.* (noting the "public-interest factors of systemic integrity and fairness … come under the heading of 'the interest of justice'") (citation omitted). Thus, the interests of justice favor a transfer to the EDNY.

Based on the foregoing, each factor either weighs in favor of transfer or is neutral. Therefore, the Court finds transferring this case to the EDNY pursuant to § 1404(a) is appropriate. *See Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) ("The decision to transfer a case to another district is left to the sound discretion of the trial court.").

## V. Levitan's Remaining Motions

Levitan has filed a motion to lift a stay of discovery imposed by the state court. Docs. 10 & 12. However, as Defendants note, the state court only indicated the discovery stay would last until it ruled on Defendants' motion to dismiss, which

[11] Defendants note Levitan did not respond to Gilead Sciences' complaint and did not participate in the seizure confirmation hearing in the EDNY action. Also, a default has been entered against Levitan and, on March 20, 2026, Defendants moved for a default judgment against him. *See Gilead Scis., Inc. v. Safe Chain Sols., LLC*, EDNY Case No. 1:21cv4106-AMD-JAM, Docs. 1656, 1662.

happened on February 18, 2026. Thus, the state court stay ended on February 18 and Levitan's motion to lift that stay is denied as moot.

Levitan has also moved for permission to file documents electronically through CM/ECF in this District. Doc. 11. However, because this case is being transferred to the EDNY, and no further filings are necessary in this District, Levitan's motion is denied as moot. If he so chooses, Levitan may seek permission from the EDNY to file documents electronically.[12]

Lastly, Levitan filed a request for a clerk's default under Fed. R. Civ. P. 55(a). Doc. 14. He claims that in *Levitan I*, the Court ordered Defendants to file an answer to his amended complaint 10 days after resolution after Defendants' first motion to transfer (i.e., by February 2, 2025), but they failed to do so because they instead filed a motion to dismiss on January 31, 2025.

Rule 55 indicates a default should be entered against a party when they have "failed to plead or otherwise defend." Levitan concedes a Rule 12 motion to dismiss is an effort to "otherwise defend," but argues the Court ordered Defendants to file an *answer* by February 2, 2025, not a motion to dismiss. However, Levitan is wrong. The Court stated Defendants needed "to respond" to the complaint, it never indicated that response needed to be an answer rather than a motion. *See Levitan I*, Docs. 5 & 19; *see also Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006) ("Because

[12] Levitan represents that the EDNY has previously granted him such permission.

Page 19 of 19

the defendants filed a motion to dismiss asserting, *inter alia,* failure to state a claim upon which relief can be granted, the defendants were not required to file an answer until the district court disposed of their motion."). Therefore, Levitan's request for entry of a default is denied.[13]

Accordingly, it is ORDERED:

1. Defendants' motion to stay and transfer proceedings (Doc. 3) is GRANTED to the extent this case is TRANSFERRED to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

2. Levitan's motion to remand (Doc. 9), motion to disqualify Clark Partington (Doc. 13), and request for a clerk's default (Doc. 14) are DENIED.

3. Levitan's motion to lift the state court stay of discovery (Docs. 10 & 12) and motion for leave to file electronically (Doc. 11) are DENIED as moot.

DONE AND ORDERED this 17th day of April, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

[13] Although Defendants did not file a response to the second amended complaint, they filed a motion to transfer and/or stay. *See W.C. Chapman, L.P. v. Cavazos*, 2022 WL 2333938, at *2 (E.D. Tex. June 28, 2022) (stating the court was "reluctant to conclude that Defendant has failed to plead or otherwise defend" when he filed a motion to transfer venue pursuant to 28 U.S.C. § 1404). If Defendants do not do so immediately after transfer, the EDNY can address the issue of when a response must be filed.